UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.

Case No. 16-cv-02298-MEJ

**ORDER GRANTING PERMISSION TO PROCEED UNDER PSEUDONYM**

Re: Dkt. No. 7

    Plaintiff, who suffers from HIV/AIDS, brings this suit under the Employee Retirement Income Security Act to recover benefits due to her under a long-term disability benefit plan sponsored by her former employer and insured by the Defendant, Metropolitan Life Insurance Company.  *See* Compl., Dkt. No. 1.  Plaintiff has also filed a motion to proceed under a pseudonym.  Mot., Dkt. No. 7.

    Ordinarily, pleadings must identify the parties to a suit.  Fed. R. Civ. P. 10(a).  Nevertheless, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  In evaluating the need for anonymity, the Court considers (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to retaliation; and (4) the prejudice to the opposing party and whether proceedings may be structured to avoid that prejudice.  *Id.*  Additionally, the Court "must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities."  *Id.*

    Here, the matters raised by the Complaint are of a sufficiently sensitive and personal nature such that the use of a pseudonym is appropriate "to protect a person from harassment, injury, ridicule or personal embarrassment."  *Id.*; *see also Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (finding that "HIV-positive plaintiffs are in a highly sensitive position and

therefore should be allowed to proceed anonymously."); *S.G. v. Mears Transp. Grp., Inc.*, 2014 WL 4637139, at *1 (M.D. Fla. Aug. 12, 2014) (granting motion to proceed under a pseudonym because "Plaintiff's HIV-related privacy interests outweigh the need for disclosure in this case"); *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (allowing use of a pseudonym because the plaintiff's AIDS is a "personal matter of the utmost intimacy" and could subject the plaintiff to discrimination if publicized); *Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1129-30 (E.D. Wis. 1999) (holding that "the plaintiff's HIV-positive status is a compelling reason for allowing him to proceed under a pseudonym" based on "stigma"); *Patient v. Corbin*, 37 F. Supp. 2d 433, 434 (E.D. Va. 1998) (allowing use of a pseudonym because of the "significant stigma" attached to the plaintiff's HIV-positive status).

Further, allowing Plaintiff to proceed pseudonymously will not prejudice the Defendant, her disability insurer, as it can ascertain Plaintiff's identity from the Complaint, which pleads Plaintiff's claim number for the purpose of allowing Defendant to identify her. Compl. ¶ 5, Dkt. No. 1. Thus, allowing Plaintiff to proceed under a fictitious name does not appear to affect Defendant's ability to prepare its defense. Finally, the case is a straightforward application of medical evidence to contract terms, the Defendant's character and reputation is not at issue, and thus there is no risk that Defendant will be prejudiced by anonymous attacks on its character. *Cf. Doe v. Lepley*, 185 F.R.D., 605, 607 (D. Nev. 1999) (finding proposed confidentiality agreement inadequate based on part on fact that "Plaintiffs' Complaint herein contains direct and harsh allegations against the individuals and the character of those named as Defendants."). Because Defendant will know Plaintiff's identity and Plaintiff is not attacking Defendant's character or reputation, Plaintiff's legitimate interest in shielding her identity outweighs any potential prejudice to the Defendant.

Plaintiff's request to proceed anonymously is therefore **GRANTED**.

**IT IS SO ORDERED.**

Dated: May 13, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge